IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN M. FARRIS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:23-cv-3030-DWD |
| | ) |
| FRANKLIN COUNTY JAIL, | ) |
| | ) |
|     Respondent. | ) |
| | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner Allen M. Farris seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming his detention is illegal and unlawful. At the time of filing, Petitioner was a pretrial detainee being held at the Franklin County Jail pending the outcome of two separate criminal matters (21-CF-67 and 21-CF-136). As of the filing of this Order, Case No. 21-CF-67 has been dismissed by the filing of a *nolle prosequi*, and, in Case No. 21-CF-136, Petitioner has been convicted on all counts and is awaiting sentencing.

The Court now conducts a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the

...

clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

## I. THE PETITION

Petitioner raises several challenges to his pretrial custody. Petitioner does not specify which case is associated with the challenges raised. First, Petitioner contends that, by continuing his trial setting on September 29, 2022, his right to be brought to trial within 120 days was violated.[2] Next, Petitioner claims that his "previous attorney" provided ineffective assistance in connection with his right to a speedy trial, by failing to seek a bond reduction, and by only meeting with him on one occasion. Finally, Petitioner alleges that, while in custody, he suffered physical and mental injuries, in violation of his First, Fourth, Sixth, and Eighth Amendment rights.

## II. DISCUSSION

### A. Civil Rights Claims

Petitioner claims that his mental and physical health have suffered while being detained at the Franklin County Jail and appears to seek money damages in connection with those alleged injuries. These claims, which pertain to Petitioner's conditions of confinement, are not properly addressed in a habeas petition. *See Cole v. Keyes*, 2023 WL

---

[1] Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

[2] The 120–day requirement comes from Illinois's Speedy Trial statute, 725 ILCS 5/103-5(a); it is not a federal standard. The violation of a state statute is non cognizable in a habeas corpus proceeding. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *United States ex rel. Cross v. Johnson*, No. 10 C 2819, 2010 WL 3273538, at *9 (N.D. Ill. Aug. 18, 2010) (rejecting habeas corpus claim that prisoner was not brought to trial within 120 days under Illinois speedy trial statute as non cognizable). The Court proceeds to analyze Petitioner's speedy trial claim to the extent that he is alleging any delay violated his federal constitutional rights.

4234403 (7th Cir. June 28, 2023). Accordingly, these claims are dismissed without prejudice.

**B.    Habeas Claims**

At the time of filing, Petitioner was not "in custody pursuant to judgment of a state court." 28 U.S.C. § 2254. Accordingly, his claims were not properly brought in a § 2254 petition. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ( § 2254 is the vehicle for prisoners in custody pursuant to the *judgment* of a state court, but not those in state custody for some other reason, such as preconviction custody; in the latter case, § 2241 remains available). This Court has the authority to recharacterize Petitioner's § 2254 motion as a 2241 motion. *See Jacobs v. McCaughtry,* 251 F.3d 596, 597 (7th Cir. 2001). However, as is explained more fully below, given the status of Petitioner's underlying criminal matters, the Court will not do so.

*Case No. 21-CF-67*

In case No. 21-CF-67, Petitioner was charged with theft and burglary. The case was scheduled to proceed to jury trial on January 9, 2024. However, the Franklin County docket reflects that on November 29, 2023, the case was dismissed by the filing of a *nolle prosequi*. "A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case." *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 101, 820 N.E.2d 455, 460 (2004). *See also Id.* ("a *nolle prosequi* order terminates the charge and requires the institution of a new and separate proceeding to prosecute the defendant."). Because Case No. 21-CF-67 has been subjected to a *nolle prosequi* filing, there are no longer any state criminal charges pending against Petitioner, and Petitioner has

received the relief sought in his Petition (i.e., the dismissal of charges and "wip[ing] out" any conviction or sentence).³ Accordingly, the Court finds that the claims raised in Petitioner's § 2254 petition as to case No. 21-cf-67 are moot. *See Howell v. Valenti*, 842 F.2d 1291 (4th Cir. 1988) (holding that the petitioner's § 2254 motion was rendered moot by the filing of "a *nolle prosequi* of all charges against [the petitioner] related to the subject matter of the petition") (per curiam).

*Case No. 21-CF-136*

In case No. 21-CF-136, Farris was charged with four counts of predatory criminal sexual assault of a child under the age of 13 and with one count of aggravated criminal sexual assault with a weapon. On August 10, 2023, following a jury trial, Farris was found guilty on all counts. Sentencing is currently scheduled for February 23, 2024. Accordingly, as to case No. 21-CF-136, in which Petitioner stands convicted but not sentenced, Petitioner is no longer a pretrial detainee. *See Jackson v. Clements*, 796 F.3d 841 (7th Cir. 2015). As such, there is no basis for recharacterizing his § 2254 petition. Moreover, because of his conviction, any pre-trial challenge to his confinement has been rendered moot. *See Id.*

---

³ Petitioner also seeks "expungement of [his] records." To the extent that this request for relief is not moot, the request is denied. First, it is unclear what basis the Court would have for ordering Illinois officials to expunge Petitioner's arrest record. *See United States v. Schnitzer,* 567 F.2d 536, 539 n. 5 (2d Cir.1977) (a state is not constitutionally required to expunge an arrest record); *Herschel v. Dyra*, 365 F.2d 17, 20 (7th Cir.), cert. denied, 385 U.S. 973, 87 S.Ct. 513, 17 L.Ed.2d 436 (1966) (merely retaining an arrest record does not violate any constitutional right of privacy). Further, to the extent there is authority for entering an order of expungement, such an order would conflict unnecessarily with the State in its administration of its own affairs, warranting Burford-type abstention. *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943).

Petitioner fares no better under 28 U.S.C. § 2254. Before Petitioner may bring a § 2254 habeas challenge to a conviction, he must first exhaust his remedies through the Illinois state courts. 28 U.S.C. § 2254(b)(1); *Byers v. Basinger,* 610 F.3d 980, 985 (7th Cir.2010); *McAtee v. Cowan,* 250 F.3d 506, 508–09 (7th Cir.2001). To exhaust his remedies, a state prisoner must " 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia,* 193 F.3d 913, 917 (7th Cir.1999); *see also O'Sullivan,* 526 U.S. at 848.

A review of Petitioner's allegations and the publicly available docket in case No. 21-CF-136, indicates that final judgment has not yet been entered. Therefore, Petitioner could not possibly have exhausted his state court remedies. As a result, the claims as to case No. 21-CF-136 shall be dismissed without prejudice to any habeas claims that petitioner may pursue in reference to this case at a later date.

### III.   DISPOSITION

For the reasons stated herein, Petitioner Allen M. Farris's 28 U.S.C. § 2254 Petition is **DENIED** as follows:

1.   Petitioner's civil rights claims are dismissed without prejudice to a potential action under 42 U.S.C. § 1983.

    2.    Petitioner's claims as to Case No. 21-CF-67 are **DISMISSED** as **MOOT**.

    3.    Petitioner's claims as to Case No. 21-CF-136 are **DISMISSED** for failure to exhaust. The dismissal is without prejudice to Petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts.

All pending motions are **DENIED** as **MOOT**. A certificate of appealability shall not issue. The Court **DIRECTS** the Clerk to close the case and to enter judgment accordingly.

**SO ORDERED.**

Dated: December 12, 2023

DAVID W. DUGAN
United States District Judge